Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
JONATHAN SAPAN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAPAN,<br><br>          Plaintiff,<br>     vs.<br><br>PROSPECT FINANCIAL GROUP, INC., a California Corporation, PINTAR INVESTMENT COMPANY, LLC, a California Limited Liability Corporation,<br><br>          Defendants. | Case No.: '17CV0689 WQHJMA<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff JONATHAN SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

/ / /

/ / /

- 1 -
Complaint

## JURISDICTIONAL ALLEGATIONS

1.     Plaintiff was at all times herein mentioned a resident of the County of San Diego, State of California.

2.     Defendant Pintar Investment Company, LLC. ("PINTAR") is, and at all times herein mentioned was, a California limited liability company, doing business in the County of San Diego, State of California.

3.     Defendant Prospect Financial Group, Inc. ("PROSPECT") is, and at all times herein mentioned was, a California corporation, doing business in the County of San Diego, State of California.

4.     PINTAR, and PROSPECT are collectively referred to herein as "Defendants".

5.     This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.     At all times herein mentioned each Defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the

scope of such partnership, agency and employment and each Defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

7. Defendants made eight (8) live calls to Jonathan SAPAN's home phone number (858-324-9001) wherein they tried to pitch real estate brokerage and investment consultancy services on the following dates and times and using the following Caller ID ("CID") numbers and Caller ID name ("CNAM"):

- April 30, 2015 12:01PM CID 858-309-8008 San Diego CA
- May 4, 2015 11:35 AM CID 858-309-8008 San Diego CA
- May 4, 2015 11:46 AM CID 858-309-8008 San Diego CA
- September 1, 2015 1:26 PM CID 858-309-8008 San Diego CA
- September 22, 2015 2:34 PM CID 858-309-8008 San Diego CA
- January 6, 2016 11:32 AM CID 858-309-8008 San Diego CA
- March 8, 2016 10:20 AM CID 858-309-8008 San Diego CA
- March 9, 2016 9:49 AM CID 858-309-8008 San Diego CA

8. Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from at least April 1, 2015 to the present.

9. While each of the calls complained of above used the Caller ID number, they did not transmit correct Caller ID name information as required by law. 47 C.F.R. § 64.1601(e).

///

///

## Call Details

10. On or about April 30, 2015 at 12:01 pm, Defendants called Mr. Sapan from CID 858-309-8008.

11. Mr. Sapan answered and a person calling herself "Katherine with Prospect Mortgage" came on the line and tried to pitch their real estate brokerage and investment consultancy services to Mr. Sapan.

12. Defendants called Mr. Sapan from CID 858-309-8008 again two times on May 4, 2015 at 11:35 am and 11:36 am.

13. Since Mr. Sapan had already identified the calls by the CID as junk telemarketing he did not answer any of these further calls though he had to deal with the annoyance and intrusion of the phone ringing and bothering him on each one.

14. On or about September 1, 2015 at 1:26 pm, Defendants once again called Mr. Sapan from CID 858-309-8008.

15. Mr. Sapan answered this call, but Defendants immediately hung up on Mr. Sapan for no apparent reason.

16. Mr. Sapan alleges on information and belief that that this hang up call was a "dropped call" within the meaning of 47 C.F.R. § 64.1200(c) wherein Defendants' predictive dialer thought a representative would be available and therefore made the call, however the dialer was incorrect and no one could handle

Complaint

the call to Mr. Sapan so the call was dropped, which greatly increases the aggravation of such junk calling.

17.     Defendants then called Mr. Sapan from CID 858-309-8008 two more times on September 22 2015 at 11:32 am and October 30, 2015 at 2:34 pm.

18.     Since Mr. Sapan had already identified the calls by the CID as junk telemarketing and was otherwise engaged at the time he did not answer any of these further calls though he had to deal with the annoyance and intrusion of the phone ringing and bothering him on each one.

19.     On or about January 6, 2016 at 11:32 pm, Defendants called Mr. Sapan from CID 858-309-8008.

20.     Mr. Sapan answered and "Peggy with Prospect Mortgage" came on the line and tried to pitch their real estate brokerage and investment consultancy services to Mr. Sapan.  Having confirmed it was the same caller again, Mr. Sapan hung up.

21.     On or about March 9, 2016 at 9:49 am, Defendants called Mr. Sapan from CID 858-309-8008.

22.     Mr. Sapan answered and "Diane with Prospect Mortgage" came on the line and tried to pitch their real estate brokerage and investment consultancy services to Mr. Sapan.

23.     Fed up with receiving these junk marketing calls and wanting to be

completely sure of the identity of the caller, Mr. Sapan then asked Dianne for a call back number.

24.   Dianne responded to Mr. Sapan by stating that she could not give him a call back number because she was an outbound caller only, but she did specify that she was calling from "Prospect Mortgage on behalf of Pintar Investment Company".

25.   Having obtained the complete identification of the callers as the Defendants herein named, Mr. Sapan thanked her and hung up.

26.   For the calls Mr. Sapan did not answer he alleges on information and belief that that these calls were made by Defendants for the same telemarketing purpose as in all the calls he answered, which all used the exact same CID number.

## Liability of PROSPECT

27.   After getting fed up with Defendants' junk telemarketing calls, Mr. Sapan began to investigate PROSPECT.

28.   Mr. Sapan googled "Prospect Financial Group Inc." and found a website with the URL address www.prospectrefinance.com.

29.   Mr. Sapan discovered that the website www.prospectrefinance.com was registered to Jason Vondrak and Prospect Financial Group, Inc. by using the commonly available identification service "WhoIs" which shows InterNIC website registration.

30. The WhoIs information also showed that PROSPECT was located at 1940 Garnet Ave, suite 320, San Diego CA 92109.

31. CID 858-309-8008 is a local number in San Diego.

32. The website www.prospectrefinance.com shows that PROSPECT is engaged in real estate brokerage and investment consultancy services, the same services pitched to Mr. Sapan by Katherine, Dianne, and Peggy during the calls.

### Liability of PINTAR

33. Mr. Sapan also investigated PINTAR because Dianne mentioned on the call to him on March 9, 2016 at 9:49 am that she was calling from PROSPECT on behalf of PINTAR.

34. Mr. Sapan googled "Pintar Investment Company" and found a website with the URL address www.pintarinvestmentcompany.com.

35. Mr. Sapan reviewed the website www.pintarinvestmentcompany.com to determine what business PINTAR was engaged in.

36. The website www.pintarinvestmentcompany.com shows that PINTAR is engaged in real estate investment and consultancy services, the same services pitched to Mr. Sapan by Katherine, Dianne, and Peggy during the calls.

37. Plaintiff alleges on information and belief that PINTAR made the violative calls, ordered them made, knew the calls described above were being

made and did nothing, or was willfully and recklessly ignorant of the fact its agents or employees were making the calls described above.

38. During the last call with Diane, she specified that PROSPECT was calling on behalf of PINTAR, exhibiting apparent agency and admitting to actual agency in the making of the telemarketing calls on PINTAR's behalf.

39. Plaintiff alleges on information and belief that PROSPECT was acting as a mere agent for PINTAR and were authorized to make the call, had apparent authority to make the call, or that PINTAR ratified their conduct after the fact.

## Actual Harm & Willful and Knowing Conduct

40. Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

41. Mr. Sapan has been harmed by the calls he did not answer by the direct waste of his time in having to check the Caller ID while he was busy in meetings or with other projects before declining the call, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must

pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

42. During each of Defendants' calls, Plaintiff wanted to make or receive a call to/from someone else for his own personal or business reasons and was blocked from doing so by the line being tied up by Defendants.

43. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 5% of his monthly phone bills in April 2015 through March 2016 since Defendants calls constituted 5% or more of the total calls to his phone during the heights of their junk calling campaign in those two months.

44. Plaintiff alleges on information and belief that Defendants made the calls described above intentionally, in the sense that the number called was the one they meant to call in pitching their servicesPlaintiff alleges on information and belief that Defendants made the calls described above knowing that they were made in contravention of the TCPA and other telemarketing laws and regulations

## FIRST CAUSE OF ACTION
[TCPA Violation – Do Not Call List – For All 8 Calls]

1. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

2. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

3. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

4. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

5. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

6. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Trespass to Chattel – For All 8 Calls]

7. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

8. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

9. At no time did Plaintiff consent to this trespass.

10. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 5% of his monthly phone bills in April 2015 through March 2016 since Defendants calls constituted 5% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

11. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex,

injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

**THIRD CAUSE OF ACTION**
[Engaging in Unfair Business Practices – For All 20 Calls]

12.  Plaintiff realleges all paragraphs above and incorporates them herein by reference.

13.  Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

14.  As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 5% of his monthly phone bills in April 2015 through March 2016 since Defendants calls constituted 5% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

15.  Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For compensatory damages according to proof;
4. For punitive damages;

On the THIRD CAUSE OF ACTION:

5. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

6. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.
7. For costs of suit herein incurred; and
8. For such further relief as the Court deems proper.

DATED: March 31, 2017                          **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
JONATHAN SAPAN