# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAPAN, | CASE NO. 17-cv-0689-WQH-JMA |
| Plaintiff, | |
| vs. | **ORDER** |
| PROSPECT FINANCIAL GROUP, INC., a California Corporation; and PINTAR INVESTMENT COMPANY, LLC, a California Limited Liability Corporation; | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for Default Judgment (ECF No. 9) filed by Plaintiff Jonathan Sapan.

## I. Background

On April 5, 2017, Plaintiff filed the Complaint against Prospect Financial Group, Inc., a California corporation, and Pintar Investment Group, LLC, a California limited liability company ("Defendants"). (ECF No. 1). Plaintiff brings claims for violations of the Telephone Consumer Protection Act ("TCPA"), trespass to chattel, and unfair business practices. *Id.* at 9-12.

On June 15, 2017, Plaintiff filed a Request for Entry of Clerk Default Against All Defendants. (ECF No. 5). In support of the request for entry of clerk default, Plaintiff submitted the affidavit of Plaintiff's counsel, Christopher J. Reichman, who attested that

Defendants were duly served and did not respond to the Complaint in the time allowed by law. (ECF No. 5-1 at 2). On June 16, 2017, the Clerk entered default as to Defendants. (ECF Nos. 6, 7).

On September 25, 2017, Plaintiff filed the Motion for Default Judgment. (ECF No. 9). Defendant has not filed any response to the Motion for Default Judgment.

## II. Allegations of the Complaint

Plaintiff's "home phone has been listed on the federal 'Do Not Call' registry . . . from at least April 1, 2015 to the present." (ECF No. 1 at ¶ 8). From April 2015 through March 2016, Defendants made eight calls to Plaintiff's home phone number from the Caller ID number 858-309-8008. *Id.* at ¶ 7. Plaintiff answered the first call he received from this number "and 'Peggy with Prospect Mortgage' came on the line and tried to pitch their real estate brokerage and investment consultancy services." *Id.* at ¶ 11. Plaintiff answered the fourth call he received from this number, but was "immediately hung up on." *Id.* at ¶ 15. Plaintiff answered the sixth call he received from this number "and a person calling herself 'Katherine with Prospect Mortgage' came on the line and tried to pitch their real estate brokerage and investment consultancy services." *Id.* at ¶ 20. Plaintiff answered the eighth call he received from this number "and 'Diane with Prospect Mortgage' came on the line and tried to pitch their real estate brokerage and investment consultancy services." *Id.* at ¶ 21. Diane informed Plaintiff that she was calling from "Prospect Mortgage on behalf of Pintar Investment Company." *Id.* at ¶ 24. Plaintiff did not answer the other four calls. *Id.* at ¶¶ 12, 13, 17, 18.

"Prospect was acting as a mere agent for Pintar and were authorized to make the call, had apparent authority to make the call, or [] Pintar ratified their conduct after the fact." *Id.* at ¶ 39.

## III. Discussion

Plaintiff contends that he is entitled to a default judgment of against Defendants. (ECF No. 9-1 at 7).

**A. Default Judgment**

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). The Court of Appeals has instructed courts to consider the following factors when determining whether a default judgment should be granted:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff has demonstrated that Defendants were served. *See* ECF Nos. 3, 4. The docket reflects that Defendants have not filed a responsive pleading. The Clerk of the Court has entered default against Defendants. (ECF Nos. 6, 7). The factual allegations of the Complaint are sufficient to sustain Plaintiff's claims for violations of the TCPA. Plaintiff has alleged sufficient facts to establish that Defendants initiated eight telephone solicitations to Plaintiff's telephone number, which was registered on the national do-not-call registry at the time of the calls. *See* ECF No. 1 at ¶¶ 7, 8. Plaintiff's allegations concerning Defendants' phone calls, taken as true, established that each call violated 47 C.F.R. § 64.1200 ("No person or entity shall initiate any telephone solicitation to [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.").

In this case, the possibility of prejudice to Plaintiff is high if the Court does not enter default judgment. If Plaintiff is not granted default judgment, he may be without any recourse for recovery. The record reflects that Defendant was served with the Complaint. (ECF Nos. 3, 4). The possibility that Defendants' default was due to excusable neglect is low. *See Microsoft Corp. v. Lopez*, No. C08-1743, 2009 WL 959219, at *3 (W.D. Wash. Apr. 7, 2009) (finding the possibility of excusable neglect low when "Defendant received notice of Microsoft's intention to pursue civil remedies both through receipt of the cease and desist letter and service of the Complaint"). Although there is a "strong policy . . . favoring decision on the merits," *Eitel*, 782 F.2d at 1472, "the mere existence of R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive. Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003) (internal quotation marks omitted). The Court has considered the factors articulated in *Eitel* and the Court concludes that Plaintiff is entitled to default judgment against Defendants for eight violations of 47 C.F.R. § 64.1200 pursuant to Rule 55(b)(2).

**B. Damages**

Plaintiff seeks statutory damages.[1] (ECF No. 9-1 at 5-6). Pursuant to Federal Rule of Civil Procedure 54, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

> Plaintiff is required to prove all damages sought in the complaint. In addition, [a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]. In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing . . . .

*Phillip Morris*, 219 F.R.D. at 498 (citations omitted). Allegations in the complaint as to the amount of damages are not entitled to an assumption of truth. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted).

---

[1] Plaintiff also seeks $550 in costs. (ECF No. 9-1 at 7). In order to obtain an award for costs, Plaintiff must follow the procedure laid out in Local Rule 54.1. *See* CivLR 54.1.

47 U.S.C. § 227(c)(5)(B) provides for statutory damages of $500 per violation of any regulation prescribed under 47 U.S.C. § 227, including 47 C.F.R. § 64.1200. Furthermore, "If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C.A. § 227(c)(5).

> The requirement of 'willful[ ] or knowing[ ]' conduct requires the violator to know he was performing the conduct that violates the statute. . . . For example, to violate section 227(b)(1)(A)(i), a defendant must know that he is using an 'automatic telephone dialing system' to place a 'call,' and that the call is directed toward an 'emergency' line. [47 U.S.C.A.] § 227(b)(1)(A)(i). If we interpreted the statute to require only that the violator knew he was making a 'call' or sending a fax, the statute would have almost no room for violations that are not 'willful [ ] or knowing[ ].'

*Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015). To "willfully or knowingly" violate 47 C.F.R. § 64.1200, a caller must know that a telephone number is registered on the national do-not-call registry and nevertheless intentionally initiate a telephone solicitation to that telephone number. 47 U.S.C.A. § 227(c)(5).

Plaintiff's allegations, taken as true, establish that Prospect Financial Group, Inc., acting on behalf of Pintar Investment Group, LLC, intentionally initiated eight telephone solicitations to Plaintiff's telephone number when that number was registered on the national do-not-call registry. However, Plaintiff does not allege that either of the Defendants knew that his telephone number was listed on the national do-not-call-registry. *See* ECF No. 1. Plaintiff is entitled to a default judgment that Defendants violated 47 C.F.R. § 64.1200 eight times, but Plaintiff is not entitled to a default judgment that Defendants' violations were "willful[] and knowing[]." 47 U.S.C.A. § 227(c)(5). Accordingly, Plaintiff is entitled to $4,000 in statutory damages.

## III. Conclusion

IT IS HEREBY ORDERED that the Motion for Default Judgment (ECF No. 9) is GRANTED. Plaintiff is entitled to a default judgment against Defendants and an

1  award of $4,000.00 in statutory damages.  The Court orders Plaintiff to file a proposed
2  judgment in accordance with this Order within fourteen days of the date of this Order.
3  DATED:  November 20, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge